IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GATDET CHUOL,

               Petitioner,

    vs.

ROB JEFFREYS,

               Respondent.

**8:26CV125**

**MEMORANDUM AND ORDER**

Petitioner Gatdet Chuol ("Petitioner") filed a motion to "vacate a void sentence and judgement under Rule 60(b)," Filing No. 1 (punctuation omitted), which the Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Upon conducting an initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the Court finds the petition must be dismissed.

Petitioner seeks relief from his 2012 plea-based convictions in District Court of Douglas County, Nebraska, case numbers CR11-1166 and CR11-1425 for use of a deadly weapon, criminal conspiracy, and robbery. Filing No. 1 at 1. Petitioner asserts his no contest pleas were not voluntarily, intelligently, and knowingly entered because he was not properly advised of the mandatory minimum five-year sentence associated with the use of a deadly weapon count and, thus, his convictions are void. *Id.* at 1–5.

Petitioner has filed four previous petitions for a writ of habeas corpus challenging these same convictions and sentences. *See Chuol v. Frakes et al.*, 8:16-cv-00025-RGK-PRSE, Filing No. 22 (D. Neb. Sept. 26, 2016) (dismissing with prejudice petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 as barred by statute of limitations); *Chuol v. Frankes*, 8:19-cv-

00079-RGK-PRSE, Filing Nos. 19 & 20 (D. Neb. June 20, 2019) (dismissing petition as successive); *Chuol v. Frakes*, 8:19-cv-00469- RGK-PRSE, Filing Nos. 7 & 8 (D. Neb. Nov. 6, 2019) (same); *Chuol v. Jeffreys*, No. 8:25CV683, 2026 WL 205632 (D. Neb. Jan. 26, 2026) (same). Indeed, Petitioner asserted the same claim regarding his involuntary pleas in his second, third, and fourth habeas petitions. Filing No. 1 at 5, Case No. 8:25CV683; Filing No. 1 at 5, Case No. 8:19CV469; Filing No. 1 at 5, Case No. 8:19CV79. Thus, Petitioner's petition is successive and he is required to seek the permission of the Court of Appeals to commence this successive action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so,[1] and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Additionally, to the extent Petitioner seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, he cannot use Rule 60 to attack his state criminal judgment. "It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to

---

[1] The Court notes that on February 20, 2026, Petitioner filed a motion in the Eighth Circuit for permission to file a successive petition, Filing Nos. 9 & 9-1, Case No. 8:25CV683, which the Eighth Circuit denied on March 12, 2026, Filing Nos. 11 & 12, Case No. 8:25CV683.

challenge state judgments of any sort in federal court." *Sherratt v. Friel,* 275 F. App'x 763, 766 n.1 (10th Cir. 2008).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's habeas corpus petition, Filing No. 1, is denied and dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals. The Court will not issue a certificate of appealability in this matter. A separate judgment will be entered in accordance with this order.

Dated this 12th day of June, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3